IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALEXIA HATCHER, individually and on behalf of all other similarly situated consumers,

    *Plaintiff*,

v.

No. 1:19-cv-02079-SB

COLLECTO, INC., doing business as EOS CCA,

    *Defendant*.

---

George Pazuniak, O'KELLY & ERNST, LLC, Wilmington, Delaware; Daniel Zemel, ZEMEL LAW LLC, Clifton, New Jersey.

*Counsel for Plaintiff.*

Andrew M. Schwartz, GORDON REES SCULLY MANSUKHANI, LLP, Philadelphia, Pennsylvania; Tianna Bethune, GORDON REES SCULLY MANSUKHANI, LLP, Wilmington, Delaware.

*Counsel for Defendant.*

---

## MEMORANDUM OPINION

February 26, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Alexia Hatcher got a letter offering to settle her college debt. But under Delaware's statute of limitations, her debt is time-barred. So she claims that this letter violated the Fair Debt Collection Practices Act. She seeks to certify a class of Delaware consumers who were sent similar letters even though their debts were also time-barred. But her proposed class is not ascertainable. I will thus deny her motion to certify the class.

## I. BACKGROUND

### A. The debt-collection letter

In 2014, Hatcher, a Delaware resident, started Grand Canyon University's online program. Compl. ¶6, D.I. 1; Mot. for Class Cert., Ex. B, D.I. 13. She incurred a debt that she did not have to pay until 2015. Compl. ¶7. But she never made any payments on it. *Id.*

In mid-2019, Defendant Collecto, Inc., sent Hatcher a "settlement offer" letter. Compl. ¶8; Mot. for Class Cert., Ex. A. It said that the University had authorized the debt collector to accept about $700 less than the total owed to "resolve this debt in full." Mot. for Class Cert., Ex. A. The letter said nothing about the age of the debt. *Id.*

### B. Hatcher's FDCPA claim and proposed class

Hatcher sued Collecto about four months after she got the letter, alleging violations of the Fair Debt Collection Practices Act. The FDCPA bars a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Hatcher contends that when she got the letter, her debt was time-barred under Delaware's three-year statute of limitations to recover debts. 10 Del C. § 8106(a). So she claims that Collecto violated the FDCPA by sending a settlement letter

falsely representing the "legal status of [her] debt." 15 U.S.C. § 1692e(2)(A); *see Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 425 (3d Cir. 2018).

Hatcher also claims that Collecto has sent similar letters to thousands of other Delaware consumers whose debts are time-barred. To pursue these claims, she seeks to certify this class under Rule 23(b)(3):

> All consumers with a Delaware address that have received collection letters similar to Exhibit A from Defendant concerning debts used primarily for personal, household, or family purposes within one year prior to the filing of this Complaint, for whom the debts at issue are beyond the statute of limitations.

Mot. for Class Cert. ¶ 2.

Collecto opposes the motion for class certification on three grounds. It argues first that Hatcher is not a member of the putative class because under her contract with the University, her debt is subject to Arizona's six-year statute of limitations. Def.'s Br. 3, D.I. 16. So it claims that her debt was not time-barred when the letter was sent. *Id.* Second, it asserts that the proposed class is not ascertainable because determining the applicable statutes of limitations would require individualized inquiries. *Id.* at 4. Finally, it contends that Hatcher has not satisfied Rule 23's other requirements. *Id.* at 6–16.

## II. HATCHER BELONGS TO THE PROPOSED CLASS BECAUSE HER DEBT IS GOVERNED BY DELAWARE'S STATUTE OF LIMITATIONS

I must decide "all factual or legal disputes relevant to class certification, even if they overlap with the merits." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 307 (3d Cir. 2009). Thus, as a threshold matter, I must resolve the legal status of the debt to decide whether Hatcher is a member of her own class.

Hatcher's debt was indeed time-barred when she got the letter. Collecto, arguing to the contrary, points to the choice-of-law clause in Hatcher's contract with the University; it states that Arizona law governs the agreement "in all respects, whether as to validity, construction, capacity, performance, or otherwise." Def.'s Br., Ex. A. Arizona has a six-year limitations period to recover a debt based on a written contract. Ariz. Rev. Stat. § 12-548. So if Arizona law applies, Hatcher's debt, payable in 2015, would not have been time-barred when the letter arrived in 2019.

But this general contractual provision does not determine the statute of limitations. Rather, the forum's law governs this procedural matter. And under Delaware's Borrowing Statute, Hatcher's debt to the University is governed by Delaware's shorter limitations period.

**A. The contract's choice-of-law provision does not govern the statute of limitations**

To start my analysis, I must look at what would happen if Collecto were to sue Hatcher. A debt collector who sues a consumer to recover a debt must file in the state where the consumer signed the underlying contract or where she lives. 15 U.S.C. § 1692i(a)(2). Hatcher would thus be subject to suit in Delaware, where she would then raise a statute-of-limitations defense. So I look to Delaware law to decide which limitations period controls her debt. *See Ojeda v. Dynamic Recovery Sols.*, 2019 WL 623856, at *3 (W.D. Tex. Jan. 7, 2019).

Under Delaware law, a contract's choice-of-law provision does not apply to the statute of limitations unless it says so explicitly. The statute of limitations is a procedural matter

typically governed by the forum's law. *B.E. Cap. Mgmt. Fund LP v. Fund.com Inc.*, 171 A.3d 140, 147 (Del. Ch. 2017); *Pivotal Payments Direct Corp. v. Planet Payment, Inc.*, No. N15C-02-059 EMD CCLD, 2015 WL 11120934, at *3 (Del. Super. Ct. Dec. 29, 2015); *see also Ontario Hydro v. Zallea Sys., Inc.*, 569 F. Supp. 1261, 1265 (D. Del. 1983). The choice-of-law clause in Hatcher's contract with the University does not mention the statute of limitations. So Arizona's limitations period does not govern. Instead, we look to Delaware law.

**B. Delaware's three-year statute of limitations governs Hatcher's debt**

Delaware's statute of limitations gives debt collectors three years to recover debts. But since Collecto would be a non-resident plaintiff, I must consider whether the limitations period is modified by Delaware's Borrowing Statute. *TL of Florida, Inc. v. Terex Corp.*, 54 F. Supp. 3d 320, 326 (D. Del. 2014); *Pack v. Beech Aircraft Corp.*, 132 A.2d 54, 57 (Del. 1957). The statute applies "when a non-resident plaintiff files an action in Delaware for claims arising outside of Delaware." *TL*, 54 F. Supp. 3d at 326. In that situation, an action will be barred "after the expiration of whichever is shorter, the time limited by the law of this State, or the time limited by the law of the state or country where the cause of action arose." 10 Del. C. § 8121.

1. *The Borrowing Statute Applies*. The Borrowing Statute would apply here only if the creditor's underlying claim to collect the debt arose in another state. To make that decision, Delaware courts ask which state has the most "significant relationship" under the Restatement (Second) Conflict of Laws. *TL*, 54 F. Supp. 3d at 327; *TrustCo Bank v. Mathews*, No. 8374-VCP, 2015 WL 295373, at *9 (Del. Ch. Jan. 22, 2015). Relevant factors include the

5

place of contracting, the place of negotiation, the place of performance, the place of the contract's subject matter, and the location of the parties. Restatement (Second) Conflict of Laws § 188. I evaluate them "according to their relevant importance with respect to the particular issue." *Id.*; *see TrustCo*, 2015 WL 295373, at *9.

These factors cut slightly in favor of Arizona. The University, the creditor that authorized Collecto to collect the debt, is in Arizona. Def.'s Br., Ex. A. And Hatcher failed to send the money she owed to the University in Arizona. But some of the factors do point to Delaware: Hatcher attended online, taking all her classes at home in Delaware. She signed the enrollment agreement at home in Delaware.

In a separate section, the Restatement prioritizes "the local law of the state where the contract requires that repayment be made" for contracts to repay a debt. Restatement (Second) Conflict of Laws § 195. Although Hatcher's contract with the University was a general-enrollment agreement, not a contract to repay money, she breached by failing to pay her tuition. And the money was supposed to be sent to Arizona. This supports a finding that the cause of action arose in Arizona.

Further, for economic injuries, other courts explain that the cause of action accrues "where the plaintiff resides and sustains the economic impact of the loss." *Portfolio Recovery Assocs., LLC v. King*, 927 N.E.2d 1059, 1061 (N.Y. 2010) (internal quotation omitted). So the cause of action for credit-card debt arises in the state where a bank is located and should be paid, as opposed to the state where the consumer lives and uses the card. *See Taylor v. First Resol. Invest. Corp.*, 72 N.E.3d 573, 586–88 (Ohio 2016) (deciding where

6

a cause of action arose for purposes of the state's borrowing statute); *Hamid v. Stock & Grimes, LLP*, No. 11-2349, 2011 WL 3803792, at *2 (E.D. Pa. Aug. 26, 2011) (same).

That logic applies here. The University suffered its loss—and the collection claim came to being—in Arizona, where it was to be paid. And the parties even chose Arizona's law to govern the contract. *See* Restatement (Second) Conflict of Laws § 187. So the cause of action arose in Arizona, and I look to the Borrowing Statute to decide which limitations period governs the debt.

2. *Delaware's statute of limitations governs*. According to the Borrowing Statute's plain language, the shorter limitations period governs—here, Delaware's. But the Delaware Supreme Court has held that in certain situations, the statute's plain text does not control the outcome. I must decide if this case falls into one of those exceptions.

The Borrowing Statute was enacted to "address a specific kind of forum shopping scenario"—where a plaintiff brings a claim that arose under another jurisdiction's law and would be barred under its statute of limitations, but survives under Delaware's longer limitations period. *Saudi Basic Indus. v. Mobil Yanbu Petrochemical Co.*, 866 A.2d 1, 16 (Del. 2005). But in *Saudi Basic*, the plaintiff strategically filed in Delaware so the defendant's counterclaims, arising under Saudi Arabian law, would be barred by Delaware's *shorter* statute of limitations. *Id.* at 17. Recognizing that the Borrowing Statute was designed to counteract forum shopping in general, the court held that it did not apply to time-bar the counterclaims in this new scenario. *Id.* at 17–18.

Lower courts are now uncertain as to when the Borrowing Statute will apply. Some courts have held that it kicks in only when a plaintiff files in Delaware to take advantage

7

of its longer limitations period, the typical scenario. *See, e.g.*, *Bear Stearns Mortg. Funding Trust 2006–SL1 v. EMC Mortg. LLC*, No. 7701-VCL, 2015 WL 139731, at *8 (Del. Ch. Jan. 12, 2015). Others take the opposite view, noting that *Saudi Basic* did not explicitly limit the statute's use to the usual forum-shopping situation. *See, e.g.*, *TL*, 54 F. Supp. 3d at 327 & n.3; *Huffington v. T.C. Grp., LLC,* No. N11C-01-030 JRJ CCLD, 2012 WL 1415930, at *9 (Del. Super. Ct. Apr. 18, 2012). The case does, however, foreclose its use when a litigant chooses Delaware intending to "benefit unjustly from the Borrowing Statute's application." *TrustCo,* 2015 WL 295373, at *8.

This case fits neither the typical scenario nor the *Saudi Basic* situation. If a debt collector sued Hatcher, it would have to be in Delaware, no matter where the debt arose, because she lives here and signed her contract here. There are no forum-shopping concerns. And applying Delaware's statute of limitations to a Delaware resident's debt hardly seems to "subvert the statute's fundamental purpose." *Saudi Basic*, 866 A.2d at 17. Thus, absent controlling authority from Delaware's legislature or Supreme Court, I will heed the plain text of the Borrowing Statute to find that Hatcher's debt is governed by Delaware's three-year limitations period.

In sum, Delaware law dictates that its statute of limitations governs Hatcher's debt. So she is a member of the class she seeks to certify. Now onto class certification.

### III. I CANNOT CERTIFY THE PROPOSED CLASS BECAUSE IT IS NOT ASCERTAINABLE

Although Hatcher is part of the putative class, she has not met her burden to show that I should certify it. I cannot "presume[]" that the proposed class fits Rule 23's requirements.

8

*Hydrogen Peroxide*, 552 F.3d at 322. Instead, Hatcher must show each element by a preponderance of the evidence. *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 591 (3d Cir. 2012).

First, she must prove that the proposed class is ascertainable. *Byrd v. Aaron's Inc.*, 784 F.3d 154, 163 (3d Cir. 2015). That is, she has to show that: (1) the class is "defined with reference to objective criteria"; and (2) there is "a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Id.* (quoting *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013)). The class satisfies the first prong: it comprises those whose debts were "out of statute" when they got the settlement letter. But Collecto argues that Hatcher has not provided a mechanism to identify which debts were in fact time-barred and so does not satisfy the second prong. I agree.

Hatcher says she can ascertain the class by referencing Collecto's answer to one of her interrogatories. She asked Collecto to identify all Delaware consumers who were sent a similar letter "whose date of last payment was more than four years from the sending of the letter, and for whom Collecto did not provide an out of statute disclosure." Mot. for Class Cert., Ex. C. Collecto, while cautioning that it does not have the information to provide a fully accurate response, nonetheless identified 1,099 people meeting the criteria. *Id.* Hatcher thus asserts that "[e]ach of these 1,099 debts are time barred." Pl.'s Br. 7, D.I. 14. Not necessarily.

First, any of the contracts for these debts might have a clause requiring the use of a different state's limitations period. Collecto said that it was "unable to determine whether

9

any individual in the 1,099 had choice of law provisions that supersede Delaware law." Mot. for Class Cert, Ex. C. Indeed, when debt collectors assume debts from initial creditors, "documentation of information about the debt is often lost." *Taylor*, 72 N.E.3d at 578. Debt buyers get documents like account statements or the terms and conditions of credit in only a small percentage of cases. *Id.*

Second, some of the debts may be tolled so that the date of last payment did not start the limitations clock. *See, e.g.*, *Clavell v. Midland Funding LLC*, No. 10-3593, 2011 WL 2462046, at *2–5 (E.D. Pa. June 21, 2011) (holding that a proposed class relying on identifying time-barred debt was unascertainable). Plus, the accrual date of Delaware's statute of limitations can vary based on the terms of the underlying contract—it could be when the creditor declares the entire balance of the debt due, as opposed to the date of last payment. *See Riffle v. Convergent Outsourcing, Inc.*, 311 F.R.D. 677, 683–84 (M.D. Fla. 2015) (refusing to certify a similar proposed class on predominance grounds because deciding whether the Delaware limitations period had run for each class member requires an "extensive factual inquiry") (*citing Worrel v. Farmers Bank*, 430 A.2d 469, 476 (Del. 1981)).

Hatcher does not claim that Collecto has or should have the relevant information in its records. And Collecto contends that nothing in its database shows whether individuals in this group of 1,099 actually belong in the class. Def.'s Br. 13–15; *see Marcus*, 687 F.3d at 593. Instead, it would need to engage in "extensive and individualized fact-finding or 'mini-trials,'" inappropriate for the class certification stage. *Marcus*, 687 F.3d at 593. *Cf. Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 334 F.R.D. 326, 332–33, 335 (S.D. Fla. 2020) (holding that a similar putative class was ascertainable only because the defendants'

10

records showed that they knew the debt was time-barred when they sent collection letters to proposed members).

Hatcher must offer a feasible mechanism to identify the class members. She has not met her burden. Thus, I do not need to reach Rule 23(a) and (b)(3)'s requirements. I will deny the motion to certify a class without prejudice. Hatcher may file a renewed motion with greater detail on how to ascertain the class or a narrower class definition.

\* \* \* \* \*

When Hatcher got Collecto's settlement letter, her debt was time-barred under Delaware law. So she is a member of her proposed class. But because she does not provide workable means to identify the other members of the class, I cannot certify it. I will deny the motion without prejudice.